Parker, C. J.,
delivered the opinion of the Court.
The plaintiff, in this case, procured his insurance for nine thousand dollars on a ship of the value of eighteen thousand dollars, of which he owned one third part. He contends that he has a right to recov er the whole sum insured, because the premium, which was at the rate of forty-five per cent., is to be taken into the computation, and then his interest will exceed the sum insured. The defendants, on the other hand, contend that he is to be restricted in the recovery to six thousand dollars ; because that is the amount of his interest in the ship, according to the stipulated value, he not having expressed his intention to cover the premium when the policy was made, and not having represented the amount of his interest in the ship ; so that they had a right to consider him at the time as the owner of one half; but that he can recover only according to his actual interest.
There can be no doubt that the plaintiff’s original intention was to cover his premium ; for, otherwise, he had used no means to obtain an indemnity upon an eventual loss. The whole net proceeds of his contract in that case would have been less than five thousand dollars, although his avowed object was to insure nine thousand. It cannot be imagined that he was insuring one half of the ship, when he was the owner only of one third ; for he must have known his own proportion, and the underwriters could easily have obtained knowledge of it; so that his object would have been defeated. Nor could any motive have existed for such a course ; for bis eventual indemnity would have been better secured by covering the premium expressly. . Had he represented * himself as the owner of [* 261 ] one half, when he procured the insurance for a sum equal to the value of one half of the ship, no doubt the premium would have been excluded. But there was no such representation; nor is there any reason to suppose that he meant to be so understood.
But it is said that the valuation of the ship must necessarily include the premium ; because it iff generally estimated as a part of the value of the subject-matter of the insurance. It is however agreed in this case, that the ship was of the actual value stipulated ; which excludes the presumption that the premium was included. What was *228 there, then, to make up the sum insured for the plaintiff, unless the premium is to be added ? It cannot be supposed that there was a mistake as to the proportion owned by the plaintiff; nor are there any facts which can authorize a suspicion of a fraudulent over-insurance. The plaintiff undoubtedly intended to cover the premium, although he did not suggest it to the underwriters. Of what importance would it have been to them, to have had it stated how the plaintiff would make out his interest equal to the sum insured ? They had their premium for the whole amount. It is true that their proportion of salvage must depend upon the interest of the plaintiff in the ship ; but it is not probable that they had a view to this in taking the risk. Indeed, there is little doubt that they would have resisted any claim of the plaintiff for a return of premium on account of a deficiency of interest, had the voyage términated successfully.
It is not uncommon, in valuations of vessels or other property insured, to express that the value stipulated is exclusive or inclusive of premium. This practice is, no doubt, convenient. But when it is not expressed, and a larger sum is insured than the actual value of the property, without any concealment or representation for fraudulent purposes, there seems to be a fair presumption that the surplus value is put to the account of premium ; because it is usual to insure that, especially when it is so large as to become a matter of important consideration in the contract.
[*262] * Under the circumstances of this case, we think it clear that the plaintiff has a right to compute his premium, to make up the sum insured; and that, therefore, judgment must be rendered for the w'hole sum insured, with interest according to the terms of the contract.
[ 2 hillips on Insurance, 213. — 7 Pick. 259. — Ed.]